

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*Dong Joo Lee*  *970 Broad Street, 7th floor*
*Assistant Untied States Attorney*  *Newark, New Jersey 07102*

*Direct Dial: 973-297-2055*

February 14, 2022

Via ECF

The Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    **United States v. Jeremy Slagle**
                **Crim. No. 16-0314**

Dear Judge Arleo:

      The Government submits this letter in lieu of a more formal submission in opposition to Jeremy Slagle's ("Slagle") request for early termination of supervised release.

## Background

      On October 15, 2008, in the District of Columbia, Slagle pled guilty to distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2256. *See* ECF Nos 20-25. *United States v. Slagle*, No. 08-CR-308 (D.D.C.).

      On January 9, 2009, Slagle was sentenced to 84-months of imprisonment, 10-years of supervised release following incarceration, which included the standard supervision conditions as well as special conditions, such as, requiring Slagle to register with the state sex offender registration agency in the state where the defendant resides or works, as directed by a probation officer; and to receive mental health treatment related to sexual offender therapy, including polygraph testing. *Id* at ECF No. 33.

      In or around June 2016, Slagle's supervision was transferred to the District of New Jersey, and he has most recently been under the supervision of

Senior U.S. Probation Officer Susan Karlak ("Probation").  According to Probation, Slagle commenced his term of supervised release on July 5, 2015 and is scheduled to complete it on or around July 1, 2025.  Additionally, Probation has informed the Government that Slagle does not meet the threshold for early termination under Section 3 60.20(c), Vol. 8, Ch. 3, of the Guide to Judiciary Policy, given that his underlying offense involves a sex offense.

In his motion for request for early termination of supervised release, Slagle argues that early termination is appropriate because his "background and history demonstrate he has satisfied all of the applicable criteria" under law; and that that his "time on supervised release has been largely uneventful."  *See* ECF No. 4, Crim. No. 16-0314.

The Government disagrees.  Given that Slagle does not meet the minimal statutory requirements to be considered for early termination, the Government opposes his motion.  Additionally, even if he had met the threshold requirements, consideration of 18 U.S.C. § 3553(a) factors would not warrant an early discharge from supervised release for Slagle.

**Analysis**

Under 18 U.S.C. § 3583(e), this Court may terminate a term of supervised release prior to its expiration.  The statute provides, in relevant part:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

As a threshold matter, prior to such request, a defendant must first satisfy minimum statutory factors laid out in the Guide to Judiciary Policy, Vol. 8, Ch. 3, Section 3 60.20(c).  *United States v. Joseph*, No. CR 21-00334 (SDW), 2021 WL 4077548, at *1 (D.N.J. Sept. 8, 2021). This Guide endorses "six criteria to determine if an offender satisfies the minimal statutory factors to be considered for early termination."  *United States v. Harris,* No. 3: 14-CR-00434 (PGS), 2021 WL 4342091, at *3 (D.N.J. Sept. 23, 2021).  They are as follows:

> (1) The person does not meet the criteria of a career drug offender or career criminal . . . or has *not committed a sex offense* or engaged in terrorism; (2) The person presents no identified risk of harm

>   to the public or victims; (3) The person is free from any court-reported violations over a 12-month period; (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) The person is in substantial compliance with all conditions of supervision; and (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Id.* (citing *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (emphasis added)).

If Slagle "meets these minimum statutory factors, a district court must next consider the Section 3553 sentencing factors," which read as follows:

>   (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Joseph*, at *1-2 (quoting *United States v. Davies*, 746 F.App'x 86, 88-89 (3d Cir. 2018)); *see also* 18 U.S.C. § 3553(a). It is Slagle's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). After all, it "logically follows that the burden of ultimate persuasion should rest upon the party attempting to adjust the sentence." *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

Here, Slagle does not satisfy the minimum threshold requirements to be able to request an early termination of supervised release. On October 15, 2008, Slagle pled guilty to a sex offense and subsequently was sentenced for it on January 9, 2009. As part of his sentence, he was required to register with the state sex offender registry. Thus, Slagle does not meet the minimal statutory factors that are considered for early termination.

Even if he had met the statutory requirements to request early termination of supervised release, consideration of Section 3553(a) factors would dictate that Slagle's early termination is not warranted. "After considering [section 3533(a)] factors, the court may provide relief only if it is satisfied that early termination

- 3 -

is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quotation marks omitted). Furthermore, "[d]istrict courts are not required to make specific findings of fact with respect to each of these" specified § 3553(a) "factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.*

Taking into consideration of the Section 3553(a) factors, Slagle's conduct, and the interest of justice, early termination of supervised release is not warranted. First, the nature and circumstances of his offense are serious. *See* 18 U.S.C. § 3553(a)(1)-(2). Second, it is untrue when Slagle argues that his time under supervision was "uneventful." *See* ECF No. 4, Crim. No. 16-0314. According to Probation, on September 11, 2020, deception from a polygraph examination was indicated on the question regarding unsupervised contact with a child under the age of 18. Subsequently, a follow-up polygraph examination conducted on December 18, 2020 showed that there was no deception to his answer to that question. However, on September 22, 2021, a search of Slagle's phone revealed that there were at least two nude pictures of Slagle that he had indicated took himself. When Probation questioned him about them, Slagle denied sending those images to any minors. Even if that were true, Probation found that taking and saving these types of images showed poor judgment on Slagle. These incidents, while not violations of release conditions, go against granting Slagle's motion. *See* 18 U.S.C. § 3553(a)(1)-(2).

**Conclusion**

For the reasons set forth above, the United States submits that early termination of Slagle's term of supervised release is not "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

        Respectfully submitted,

        PHILIP R. SELLINGER

        United States Attorney

        By: Dong Joo Lee
        Assistant U.S. Attorney

cc:    James S. Friedman, counsel to Jeremy Slagle (via Email)
       Senior U.S. Probation Officer Susak Karlak (via Email)